**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RITA WARREN,**<br>　　　　Appellant**,**<br>　　vs.<br>**GLENN M. CYBULSKI,**<br>　　　　Appellee**.** | CASE NO. 17-CV-03775-YGR; 17-CV-3935<br><br>**DISMISSAL OF BANKRUPTCY APPEALS AS PREMATURE**<br><br>Re: Dkt. No. 1 |

On June 16, 2017, appellant filed an appeal in the U.S. Bankruptcy Appellate Panel Case, appealing "Defendant's motion for summary judgment," filed on May 26, 2017. (Docket Number 1-2, *Warren v. Cybulski*, Case No. 17-CV-3775-YGR (N.D. Cal.).) That appeal was transferred to the Northern District of California, based on appellant's election. At the time appellant initiated the appeal on June 16, 2017, the bankruptcy court had yet to rule on defendant's motion. (*See* Docket, *Warren v. Cybulski*, Case No. 13-AP-010710-REL (Bank. N.D. Cal.).) The bankruptcy court issued a memorandum granting in part defendant's motion for summary judgment on June 27, 2017, directing defendant Cybulski to file a proposed form of order. (*Id.* at Dkt. No. 118.) On July 12, 2017, Cybulski filed a motion for reconsideration in the bankruptcy court. (*Id.* at Dkt. No. 125.) On July 12, 2017, appellant filed another action in the district court, appealing the bankruptcy court's memorandum. (Docket Number 1-1 at 1, *Warren v. Cybulski*, Case No. 17-CV-3935 (N.D. Cal.).) The bankruptcy court has yet to issue an order on Cybulski's motion for summary judgment, or rule on Cybulski's motion for reconsideration.

Pursuant to Federal Rule of Bankruptcy Procedure 8002, appellants have fourteen days after "entry of the judgment, order, or decree" to file an appeal. Here, appellant has not identified the order or judgment in the underlying bankruptcy adversary proceeding from which she is appealing. In her case filed at Number 17-CV-3775, she appears to be appealing defendant's filing of a motion for summary judgment, which is not an order or judgment from the bankruptcy

court. In her case filed at Number 17-CV-3935, appellant appeals the memorandum issued by the bankruptcy court, granting in part Cybulski's motion for summary judgment. However, the bankruptcy court did not issue an order or judgment as part of that memorandum, but rather, ordered Cybulski to submit a proposed form of order. Proceedings related to that memorandum and pending order on Cybulski's motion for summary judgment are continuing in the bankruptcy court. Moreover, Cybulski's motion for reconsideration remains pending and may yet impact the contours of appellant's appeal here.

Accordingly, this Court does not have jurisdiction as appellant has not presented the Court with an appealable order or judgment. In short, the appeal is premature. The Court finds, therefore, that dismissal of the above actions is appropriate, and may be brought again *only after* the bankruptcy court has issued a final order in the underlying adversary proceedings.

The Clerk of the Court shall close the file in Docket Numbers 17-CV-3775 and 17-CV-3935.

**IT IS SO ORDERED.**

Dated: August 2, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**